# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 4, 2001 Session

## DEBRA S. MCDOWELL v. ROBERT A. MCDOWELL

**A Direct Appeal from the Circuit Court for Williamson County.**
**No. C-5956  The Honorable Jeffery S. Bivens, Judge.**

_____

**No. M2000-02153-COA-R3-CV - Filed July 31, 2001**

Mr. and Ms. McDowell were divorced by the Williamson County Circuit Court on September 15, 1986. On March 16, 2000, Ms. McDowell filed a contempt complaint against Mr. McDowell alleging that he had breached an agreement to pay his youngest daughter's private school tuition at Battle Ground Academy.  A hearing was held on May 2, 2000, concerning the contempt complaint.   Following the hearing, the Honorable Jeffery Bivens of the Williamson County Circuit Court took the matter under advisement.  On July 28, 2000, the trial court ordered Mr. McDowell to pay his daughter's tuition until she graduated from Battle Ground Academy.   This appeal soon followed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DON R. ASH, SP. J., delivered the opinion of the court, in which CANTRELL, J., and SWINEY, J joined.

Ernest W. Williams and Dana C. McLendon, III, Franklin, Tennessee, for the appellant, Robert A. McDowell.

Richard Dance, Nashville, Tennessee, for the appellee, Debra S. McDowell.

### OPINION

I.

On September 15, 1986 the parties were divorced on the grounds of irreconcilable differences. The decree awarded joint custody to the minor children with primary physical custody awarded to Ms. Debra McDowell ("Ms. McDowell").

On March 16, 2000, Ms. McDowell filed a complaint for contempt charging Mr. Robert McDowell ("Mr. McDowell") was refusing to pay for the youngest child's private education. Ms. McDowell argues that she only agreed to send the children to a private school based upon Mr. McDowell's agreement that he would pay for the tuition through the 12th grade.  Mr. McDowell contends that he stopped paying for the private tuition because **he could no longer**

**afford it and considered his agreement to be on a year-by-year basis**. (emphasis added)  The relevant portion of the final decree at issue here stated, in part:

> 5.  The Husband further agrees to pay for education of the minor children of the parties at a private school mutually agreeable to the parties if the parties **mutually agree that private school is necessary and appropriate**. (emphasis added)

A hearing was held on May 2, 2000 at which time the Court heard testimony concerning the issues drawn. On July 28, 2000, after hearing all the proof and considering the record, the court ordered Mr. McDowell to pay for the youngest child's private school tuition finding that Mr. McDowell had entered into an oral agreement with Ms. McDowell to pay for private school tuition for their daughters through high school.  In addition, the court ordered Mr. McDowell to pay for all attorneys' fees incurred by Ms. McDowell.  This appeal ensued.

II.

On this appeal, Mr. McDowell presents only one issue for this court to consider.  We must determine whether the trial court erred in ordering Mr. McDowell to pay private school tuition for the parties' youngest daughter.

When the trial court sits without a jury, their findings are presumed to be correct unless the evidence in the record preponderates against them. **See** Tenn.R.App.P. 13(d); **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). In this particular case, Mr. McDowell failed to provide the court with a transcript of the lower court proceedings pursuant to Tenn.R.App.P. 24(c).

"In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee." **King v. King**, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998) (quoting **Leek v. Powell**, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994)). Consequently, the court must presume the trial court's findings of fact are correct. **See Id.**  The trial court is in a better position to weigh the credibility of the witnesses than the appellate court because they have the opportunity to observe the witness' manner and demeanor while testifying.  **See Whitaker v. Whitaker**, 957 S.W.2d 834, 837 (Tenn. Ct. App. 1997); **see also McCaleb v. Saturn Corp.**, 910 S.W.2d 412, 415 (Tenn. 1995). Furthermore, when faced with this dilemma, appellate courts may only review what is in the record and not what might have been or should have been included. **Dearborne v. State**, 575 S.W.2d 259 (Tenn. 1978).   In addition, appellate courts commonly refuse to address issues raised for the first time on appeal. **See Book-Mart of Florida v. National Book Warehouse**, 917 S.W.2d 691, 694 (Tenn. App. 1995). Therefore, issues not raised at the trial court are deemed waived. **See Devorak v. Patterson**, 907 S.W.2d 815, 818 (Tenn. App. 1995).

As noted above, there is no transcript or statement of the evidence presented to this court on appeal. The burden is upon Mr. McDowell to preserve the evidence necessary for consideration by this Court on appeal. Tenn. R. App. P. 24(b). The record on appeal consists only of the technical record.  Even though there is no transcript, this Court must gather from the

technical record the relevant facts and determine whether there is some error requiring reversal of the trial court's judgment. However, while gleaning from the technical record we must also give deference to the decision of the trial court in absence of a recorded verbatim transcript. The trial court in its order opined:

> This matter is before the Court upon the issue of whether the Defendant, Robert McDowell ("Father"), is responsible for private school tuition for his daughter's education at Battle Ground Academy. Based upon the testimony heard by the Court and the entire record herein, the Court finds that the Father entered into an oral agreement with Ms. Debra McDowell ("Mother") to pay for the private school tuition for their daughters through high school.

> The facts of this case are strikingly similar to the facts in **Brooks v. Brooks**, 992 S.W.2d 403 (Tenn. 1999). In **Brooks**, the Tennessee Supreme Court upheld the trial court's ruling that Mr. Brooks entered into an oral agreement with Ms. Brooks to assume financial responsibility for private school tuition for their child. Mr. Brooks contended that he had only agreed to pay for the first year of such expenses. The trial court credited the testimony of Ms. Brooks and ordered Mr. Brooks to pay the tuition expenses of the child during the subsequent years. The Supreme Court affirmed this determination.

> In the instant case, Father contends that he agreed to pay the private school payments for his daughters only on a year-by-year basis. Father now contends that he cannot afford these payments, and therefore, he does not agree to continue paying these expenses for Jennifer for the upcoming school year. Mother contends that she was concerned at the time of the original agreement about the stability and consistency for the children if they began attending private school from the outset. Mother testified that she only agreed to the original oral agreement with Father on the condition that he would pay for the private school expenses throughout the secondary education of the children.

> This Court credits the testimony of Mother on this issue. The Court finds that the oral agreement between Father and Mother required Father to pay for the private school tuition of the children until the children complete their high school education. Accordingly, Father is required to pay the tuition expenses for Jennifer to attend Battle Ground Academy during the upcoming school year.

Without a transcript of the lower court proceedings, we do not have the opportunity to consider the testimony of the witnesses for which the trial court based its determination. Mr. McDowell argues that, in the case before us, a transcript or a statement of the evidence was not necessary. We disagree. The trial court in its order seemed to credit the testimony of Ms. McDowell and found that an oral agreement existed between Mr. and Ms. McDowell. This finding of fact makes the submission of the transcript of the trial court's proceedings even more critical. Without the transcript, we have no way of knowing the parties proof regarding whether private schooling is "necessary and appropriate" and whether the contract for private schooling is on a year to year basis. We disagree with Mr. McDowell. We are of the opinion the test in this

particular case should be whether private schooling is "necessary and appropriate" not whether Mr. McDowell can afford it on a year by year basis.

Consequently, because there is no transcript there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. **See Coakley v. Daniels**, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992); **see also Word v. Word**, 937 S.W.2d 931, 932 (Tenn. Ct. App. 1996). Thus, we are of the opinion that Mr. McDowell has failed to meet his burden of showing that the evidence preponderates against the trial court's judgment, and this issue does not provide a basis for this court to reverse the judgment on appeal.

In addition, Mr. McDowell in his brief cited a statute of frauds issue, however, this issue was waived at oral argument.

III.

Accordingly, for the reasons set out above, the order of the trial court requiring Mr. McDowell to pay his youngest daughters tuition thru graduation of high school is affirmed. Costs of this appeal are assessed against Mr. McDowell.

_____
DON R. ASH, SPECIAL JUDGE