Maurice M. Acree, Appellant,

*v.*

Betty Ann Acree, Appellee.

462 S.W.2d 870.

(*Jackson,* April Term, 1970.)

Opinion filed January 18, 1971.

8

CHARLES E. MANESS, Union City, for appellant; MANESS & CONLEY, Union City, of counsel.

PAUL G. HUDGINS, Union City, for appellee.

MR. SPECIAL JUSTICE ALFRED T. ADAMS delivered the opinion of the Court.

This is an appeal by the defendant from a decree entered by the Chancellor denying complainant's and defendant's joint petition seeking an amendment to the divorce decree allowing complainant a divorce and awarding her alimony and support for her children.

In 1968 Betty Ann Acree was awarded an absolute divorce from Maurice M. Acree. The decree awarded her $1,000.00 monthly for alimony and child support and directed that the money should be paid to the Clerk and Master, and also provided that the defendant pay the Clerk and Master $50.00 monthly as his commission for receiving and disbursing said monthly payment.

On June 1, 1970, both husband and wife petitioned the court for a modification of the decree so as to have the

monthly payments made directly to the wife and thus avoid the Clerk and Master's fee. The court dismissed said petition and entered its decree, the pertinent portions of which are as follows:

"This cause came on to be heard on this the 1st day of June, 1970, upon joint Petition filed by the Complainant, Betty Ann Acree, and the Defendant, Maurice M. Acree, Jr., seeking modification of the original divorce decree in this cause and upon recommendation and approval by counsel for both parties. After consideration of all the matters alleged in the petition, the unwillingness of Betty Ann Acree to forego her right to cite Maurice M. Acree, Jr. for contempt in the event he becomes delinquent the rule of this Court requiring all payments of alimony and support to be made to the Clerk and Master, the controversy avoided thereby and Chapter 425 Public Acts of 1970, it is the opinion of the court that the petition should be and is hereby dismissed."

Mr. Acree prayed and was granted an appeal which was duly perfected and Mrs. Acree, through her counsel, joined in the assignments of error and brief filed by her husband.

The errors assigned are as follows:

"1. The Chancellor erred in denying complainant's and defendant's joint petition to modify the original decree, both parties being capable of binding themselves by consent, and having consented to said modification.

"2. The Chancery Court abused its discretion in denying complainant and defendant the right to modify the

original decree, by consent, to the extent that both parties desired the alimony and child support payments to be paid directly by the defendant to the complainant and thereby avoid the administrative costs of Fifty Dollars ($50.00) per month payable to the Clerk and Master.

"3. The Court erred in interpreting and construing Chapter 425 of the Public Acts of Tennessee 1970 as meaning that such act was a mandate for all payments of alimony and child support to be paid directly into the hands of a Clerk and Master."

The parties seeking an amendment to the decree in question are sui juris, their petition is sworn to by both of them and it alleges that it would be for the best interest of the complainant and her children for the monthly payments to be made directly to the complainant. Nothing appears in the record to the contrary.

The complainant should not be required to forego a remedy given to her by law for the enforcement of her legal rights, should a situation arise in the future, requiring its assertion.

The decree states that the Court has a rule "requiring all payments of alimony and child support to be made to the Clerk and Master". This rule is not based on a provision of the Code and this Court is of the opinion that it is unreasonable and should not be enforced.

Chapter 425, Public Acts of 1970, which amends T.C.A. sec. 36-820, has no application to the question here presented for decision. It states in part: "In all cases *where* the husband is directed to pay child support to the Clerk of the Court," (emphasis added). The method provided

for the enforcement of payments is then set forth. There is no requirement that such payments must be made to the Clerk.

■ The above referred to section of the Code provides in part: "The order or decree of the court *may* provide that the payments for the support of such child or children * * * shall be paid either to the clerk * * * or direct to the mother * * *" (emphasis added). The law does not require such payments to be made to the Clerk and no mention is made of alimony payments to the wife in this section.

■ The Court is of the opinion that the reasons given by the Chancellor in his decree for refusing to grant the relief prayed in the joint petition of the parties are insufficient to support his action.

The decree of the Chancellor is set aside and the cause remanded to the Chancery Court for action in accordance with this opinion. The appellant will pay the costs of this appeal.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and McCANLESS, JUSTICES, concur.