# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### FEBRUARY 20, 2002 Session

## STATE OF TENNESSEE, EX REL MAE CLARK v. CHARLES CLARK

**Direct Appeal from the Circuit Court for Haywood County**
**No. 2566; The Honorable Clayburn S. Peeples, Judge**

---

### No. W2001-01896-COA-R3-CV - Filed May 13, 2002

---

This appeal involves an obligor parent's failure to comply with court ordered child support obligations. The State of Tennessee, on behalf of a custodial parent, sought to reduce arrearage in the obligations to judgment. The State was successful and the custodial parent was awarded $14,000.00 in arrearage. The obligor parent appealed and, for the following reasons, we affirm the lower court's decision.

**Tenn. r. App. P. 3; appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and WILLIAM B. ACREE, JR., S.J., joined.

Marcus M. Reaves, Jackson, TN, for Appellant

Paul G. Summers, Attorney General & Reporter; Stuart F. Wilson-Patton, Senior Counsel, Nashville, TN, for Appellee

### MEMORANDUM OPINION[1]

Charles Clark (Appellant) and Mae Clark (Ms. Clark) were granted a divorce on August 25, 1972. Ms. Clark was granted custody of the parties' four minor children and Appellant was ordered to pay $25.00 per week in child support. Appellant, however, failed to remit any child support payments to the Circuit Court Clerk's office as required by the court's order.

---

[1]Rule 10 (Court of Appeals). <u>Mmeorandum Opinion</u>. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On September 5, 2000, the State of Tennessee (Appellee), on behalf of Ms. Clark, petitioned the court to have $14,000.00 in child support arrearage reduced to a judgment against Appellant. Hearings were held on September 5, 2000, November 6, 2000, and February 12, 2001. At the hearings, Appellant alleged that he had paid at least $25.00 per week to Mulligan's Store for food and groceries for the minor children instead of paying money to the clerk's office. The parties stipulated that Appellant did indeed pay this money to Mulligan's until some time in 1976. Appellant also alleged that he continued to reside with Ms. Clark after the divorce and offered sufficient financial support for the children. Finally, Appellant claimed that he was not the biological father of the children and demanded that a paternity test be given. His request was denied.

Appellant filed a Motion to Set Aside Order and Declare All Arrearage Paid. The court, however, refused to grant the motion. On May 3, 2001, the court entered a judgment against Appellant in the amount of $14,000 for the child support arrearage.

Appellant filed this appeal and now raises two issues, as we perceive them, for our review. First, Appellant asserts that the trial court should not have reduced to judgment Appellant's alleged arrearage in child support obligations. Second, Appellant asserts that the trial court should have granted his Motion to Set Aside Order and Declare All Arrearage Paid.

When a civil action is heard by a trial judge sitting without a jury, our review of the matter is *de novo* on the record, accompanied by a presumption of correctness of the findings below. Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); TENN. R. APP. P. 13(d). We may not reverse the findings of fact made by the trial judge unless they are contrary to the preponderance of the evidence. Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). In the case *sub judice*, however, Appellant has failed to file a transcript of the proceedings or a sufficient statement of the evidence[2] as required under Tennessee Rule of Appellate Procedure 24. Without a transcript or sufficient statement of the evidence, "we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee." King v. King, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998) (quoting Leek v. Powell, 884 S.W.2d 118, 121 (Tenn. App. 1994)).

Instead of setting out distinct arguments for each of his issues, Appellant has made several general arguments with regard to both issues in his brief. Appellant first argues that he should be given credit for the payments he made to Mulligan's Store from 1972 to 1976. In support of this argument, Appellant cites Acree v. Acree, 462 S.W.2d 870 (Tenn. 1971). In Acree, our supreme court reviewed a chancery court's refusal to modify an order that directed the obligor spouse to make child support payments to the court clerk along with a $50.00 monthly commission for the clerk's services. Id. at 871. Even though both the father and mother had requested the modification, the chancery court had denied their request. Id. Apparently, the parties wanted the payments to be made

---

[2]Appellant's statement of the evidence merely states, "Comes the Defendant, Charles Clark, and hereby state [sic] the following: 1. That there is not a Transcript of the hearing to be filed. 2. That no Technical Record is to be filed with the Court of Appeals." A brief technical record, however, was filed.

directly to the mother to avoid the clerk's fee.  The <u>Acree</u> court held that the chancery court's decision was unreasonable given that the statutes governing child support obligations did not require payments to be set up through the court clerk.  <u>Id.</u> at 871-72.

Here, however, we have a very different situation.  Appellant never attempted to alter the court's order that required him to pay $25.00 each week to the court clerk.  Instead, Appellant ignored this requirement and allegedly paid Mulligan's Store on a weekly basis.  As correctly pointed out by Appellee, child support orders are judgments entitled to be enforced as any other judgment. TENN. CODE ANN. § 36-5-101(a)(5) (2001).  Further, no credit should be given to an obligor spouse for payments that were not made in accordance with the support order.  <u>Id.</u> at § 36-5-101(a)(4)(A)(ii). Because Appellant failed to comply with the order, he should be held liable for the arrearage. Accordingly, we find Appellant's argument to be unpersuasive.

We further find that the "necessaries rule" as espoused by Tennessee courts also fails to apply in this case.  Under the necessaries rule, courts have held that "non-custodial parents may be given credit against their child support obligation for payments made on behalf of their children if such payments are for necessaries that the custodial parent either failed to provide or refused to provide." <u>Castle v. Baker</u>, No. E2000-02772-COA-R3-CV, 2001 Tenn. App. LEXIS 709, at *9 (Tenn. Ct. App. August 2, 2001) (citations omitted).  Here, even if we were to assume that Appellant's payments to Mulligan's store were used for the purchase of necessaries, Appellant has not contended that Ms. Clark ever failed or refused to provide for the minor children.  Accordingly, this argument is without merit.

Finally, Appellant argues that his child support obligations should have been considered tolled from 1972 to 1976 because he continued to reside with Ms. Clark and the children.  Appellant makes this broad assertion with no citation to any precedent in support thereof.  Our review finds no relevant case law supporting Appellant's position either.  Accordingly, we also find this argument to be without merit.

Based on the foregoing conclusions, we hereby affirm the decision of the trial court.  Costs on appeal are assessed against the Appellant Charles Clark and his surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE