IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

ANN C. KING,                    )      ANDERSON CHANCERY
                                )      C.A. NO. 03A01-9710-CH-00441
                                )
        Plaintiff-Appellee      )
                                )
vs.                             )
                                )      HON. WILLIAM E. LANTRIP
                                )      CHANCELLOR
                                )
DAVID M. KING,                  )
                                )      AFFIRMED AND
        Defendant-Appellant     )      REMANDED


DAVID L. VALONE, Lockridge, Becker & Valone, P.C., Knoxville, for
Appellant.


DAIL R. CANTRELL, Cantrell, Pratt & Varsalona, Clinton, for
Appellee.




O P I N I O N


                                              McMurray, J.


     In this divorce action, the defendant, David M. King,
(husband) challenges the equity of the trial court's division of
the marital estate.  He asserts that it was not an equitable
division.  We respectfully disagree and affirm the trial court.

The parties were married on November 11, 1990. The house which became the marital residence was originally owned by the plaintiff, Ann C. King, (wife). On December 3, 1991, the parties executed a warranty deed creating a tenancy by the entirety in the marital residence which converted the property into marital property. The warranty deed states:

> It is the express intention of [the wife] to create a tenancy by the entireties in herself and her husband, David M. King in and to the above described real property [the marital residence] in accordance with the provisions of T.C.A. § 66-1-109.

In January of 1992, the parties refinanced their home. At that time the property was encumbered by a mortgage in the principal amount of approximately $100,000.00. The parties' new mortgage was in the principal amount of $120,000.00. Thus, the indebtedness on the marital residence was increased by an additional $20,000.00. The additional funds were spent by the parties to renovate the house. The renovation resulted in an increase in the value of the property.

At the time of the marriage, the husband was employed by a company called Nichisu America, Inc. The company terminated its American workers during 1993 and 1994, resulting in the husband's loss of his job. The husband filed suit against Nichisu for wrongful discharge, and this lawsuit is apparently still pending in federal court. After he was terminated by Nichisu, the husband

started his own company called Total Production Resources. His new business began operation in August or September of 1994.

On February 15, 1995, the parties borrowed $15,000.00 to help finance the husband's new business. This loan was secured by a second mortgage on the marital residence. The business had cash flow problems, and in early 1995, the parties jointly signed a note payable to the husband's business partner, Bill Smith, for $25,000.00. The money was also used to help finance Total Production Resources.

In November of 1993, the parties purchased some rental property, consisting of two houses located in Clinton. The purchase price for the rental property was $20,000.00. The parties mortgaged the property in the amount of $38,400.00. The additional $18,400.00 was used to renovate the houses. The wife testified that they borrowed an additional $25,423.00 in order to get the houses in "livable condition."

The parties separated on September 5, 1995. The wife filed for divorce on October 13, 1995. The husband's answer stated: "in an effort to achieve an equitable and expeditious resolution of this matter, defendant alleges in the affirmative, without admitting to any specific act or conduct, that plaintiff is entitled to a divorce pursuant to T.C.A. § 36-4-102(a)(1)."

It appears from the testimony that the parties kept their finances entirely separate during the marriage. Until their separation, the wife paid 65% of the first mortgage on the marital residence and the husband paid 35%. The wife testified that the husband insisted on this arrangement because the wife's two daughters from a previous marriage lived with them in the house. The husband made payments on the second mortgage until the parties separated. It is undisputed that the husband never made any payments on the rental property encumbrances and had very little, if anything, to do with the rental property during the marriage. During the approximately 13 months between the parties' separation and the divorce hearing, the wife made all payments on the first and second mortgages on the marital residence and the rental property encumbrances.

After a bench trial on October 11, 1996, a final decree was entered on October 28, 1996. The trial court found the value of the marital residence to be $160,000.00 and established the equity therein at $43,000.00. The trial court further found that the equity in the rental houses was $23,000.00.[1] The trial court's memorandum opinion reflects the following regarding equity and indebtedness:

> The Court finds that there is an equity in the marital home of $43,000. The Court further finds, based

---

[1]Neither party questions the court's findings as to the amount of the equity.

4

upon the testimony, that there is an equity in the rental property of $23,000.

*    *    *    *

I have a total debt of nearly $41,500, when I consider all of the debt. The Court recognizes that there has been, during the period of separation, a substantial sum of money that Mrs. King has paid towards the joint debts of the parties, and I believe that it is appropriate to award the marital residence and the rental property to Mrs. King and to require her to assume all of the marital debt as set forth on her list, which is some nearly $42,000. So there's $46,000 [sic] in equity, and nearly $42,000 in debt that the Court assigns to her with respect to those items.[2]

The trial court assigned to the husband the responsibility of paying the $25,000.00 debt to his business partner. The court awarded each party the personal items in his or her possession, with the exception of certain items belonging to the husband which were still at the marital residence. These items were ordered to be turned over to the husband. The court awarded the husband all interest in his wrongful discharge claim against his former employer.

Regarding distribution of marital property, T.C.A. § 36-4-121 provides in relevant part:

**Distribution of marital property.** — (a)(1) In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, upon request of either party,... equitably divide, distribute or assign

---

[2]The debts under discussion here are in addition to the outstanding mortgages on the real property.

5

the marital property between the parties without regard to marital fault in proportions as the court deems just.

* * * *

(c) In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

We will first consider the trial court's action in awarding the marital residence entirely to the wife. As noted earlier, the wife testified she had made all payments on the residence since the

6

parties separated some 13 months prior to the hearing. These payments amounted to some $20,000.00. It is altogether reasonable to give credit to the wife for these payments in dividing the equity in the marital residence. Further, the court ordered the wife to assume approximately $42,000.00 in marital debt not including the first and second mortgage on the marital residence, which she is also required to pay. Therefore, the equity in the marital residence was, for all practical purposes, offset by the debts assigned to the wife, without giving consideration or credit for payments made on marital debts during the period of separation. Under these circumstances, and after considering all relevant statutory provisions, we find no inequity in awarding the marital residence to the wife. In support of the award of the equity in the marital residence and the assignment to her of the indebtedness, we note that in viewing the relative earning capacities, both present and future, the wife is the only party which is reasonably capable of satisfying the indebtedness. The wife, in a financial statement filed with the court dated October 1, 1996, stated that her net monthly income was $6,613.00. The husband's financial statement, filed October 1, 1996, placed his net monthly income at $2,663.88 — less than one-half that of the wife.

We find that the evidence does not preponderate against the trial court's decision to award the wife the rental property along with the attendant debt on that property. Although the rental

property was marital property, the husband had no involvement with it during the marriage and made no payments on the mortgage or the other debts incurred to improve the property. Further, while the court found that there was equity of $23,000.00 in the rental property, this finding, apparently, was without regard to the additional expenditures over and above the receipts from the mortgage on the property which were required to make the rental property livable. Nevertheless, after giving the wife credit (hereinbefore discussed) for the payments made during the parties' separation, little, if any of the equity in the rental property remains.

We recognize that the division made by the trial court is not entirely equal division. It is well-settled, however, that:

> The trial court's goal in every divorce case is to divide the parties' marital estate in a just and equitable manner. The division of the estate is not rendered inequitable simply because it is not mathematically equal, <u>Cohen v. Cohen</u>, 937 S.W.2d 823, 832 (Tenn. 1996); <u>Ellis v. Ellis</u>, 748 S.W.2d 424, 427 (Tenn. 1988), or because each party did not receive a share of every item of marital property. <u>Brown v. Brown</u>, 913 S.W.2d [163] at 168. Marital debts should, where possible, follow their associated assets, <u>Mondelli v. Howard</u>, 780 S.W.2d 769, 773 (Tenn. App. 1989), and should be apportioned by considering the reason for the debt, the party who benefitted from the debt, and the party better able to assume the debt. <u>Mahaffey v. Mahaffey</u>, 775 S.W.2d [618] at 624. In the final analysis, the justness of a particu- lar division of the marital property and allocation of

> marital debt depends on its final results. See Thompson
> v. Thompson, 797 S.W.2d 599, 604 (Tenn. App. 1990).

Roseberry v. Roseberry, 1998 Tenn. App. LEXIS 100, citing Curtis v. Curtis, 1997 Tenn. App. LEXIS 488.

In our estimation, the division of the marital estate in this case meets the criteria set out in Roseberry.

With regard to the debt owed to the husband's business partner in the amount of $25,000.00, the evidence does not preponderate against the trial court's judgment assigning responsibility for payment to the husband. The wife testified that she received no benefit from the $25,000.00, which was, as hereinbefore noted, used to finance the husband's new business.

The husband complains on appeal that "the Trial Court failed to award an adequate monetary judgment to [him] for personalty denied to him by the [wife]." It appears that the parties had a difficult time agreeing on a date and time for the husband to pick up the personalty which was awarded to him but still in the wife's possession at the time of divorce. On February 21, 1997, the husband filed a motion "for an Order requiring the plaintiff to turn over those personal items that she was required to do pursuant to the Court's Opinion of October 4, 1996." On May 21, 1997, the husband filed a motion for a hearing "to determine the value that the plaintiff may owe for her failure to turn over all of the

respective property that the defendant was to receive pursuant to the various Court's Orders ..."

A hearing was held on July 28, 1997 to determine the value of the husband's property not returned by the wife. The trial court's order dated August 25, 1997 states in part:

> the Court having heard the statements of counsel, testimony of the parties and their witnesses and the record as a whole, from all of which it is accordingly ORDERED ...
>
> 1. That the defendant, David M. King, is hereby awarded a Judgment against the plaintiff, Ann King in the amount of $511.03 being made up of $150.00 for the failure to return a sofa and $361.33 for discretionary costs for the costs and expenses of the hearing of this cause.

The apparent thrust of the husband's argument on appeal is that the trial court failed to award him sufficient credit for personal items not returned by the wife. There is no transcript of the hearing in the record, and, therefore, no testimony in the record as to what items were not returned by the wife. There is a single handwritten, unsworn and unsigned exhibit in the record styled "items not returned," with a list of various items and their estimated values.

> In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee. Leek v. Powell, 884 S.W.2d 118, 121 (Tenn. App. 1994); citing Lyon v. Lyon, 765 S.W.2d 759, 763 (Tenn. App. 1988).

10

The evidence does not preponderate against the trial court's judgment awarding the husband $511.03.  There is no merit in the husband's second issue.

The wife argues that this is a frivolous appeal.  We do not find this appeal to be frivolous.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS
AT KNOXVILLE



ANN C. KING,                          )        ANDERSON CHANCERY
                                      )        C.A. NO. 03A01-9710-CH-00441
                                      )
        Plaintiff-Appellee            )
                                      )
vs.                                   )
                                      )        HON. WILLIAM E. LANTRIP
                                      )        CHANCELLOR
                                      )
DAVID M. KING,                        )
                                      )        AFFIRMED AND
        Defendant-Appellant           )        REMANDED


**<u>JUDGMENT</u>**


        This appeal came on to be heard upon the record from the

Chancery Court of Anderson County, briefs and argument of counsel.

Upon consideration thereof, this Court is of opinion that there was

no error in the trial court.

        We affirm the judgment of the trial court in all respects.

Costs are assessed to the appellant and this case is remanded to

the trial court.


                                      PER CURIAM