IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 3, 2003 Session

## CONDY O. WILSON v. CHARLSA WILSON

**Direct Appeal from the Circuit Court for Campbell County**
**No. 11,868      Hon. Conrad Troutman, Jr., Circuit Judge**

_____

**FILED MAY 19, 2003**
_____

**No. E2002-01636-COA-R3-CV**
_____

In this divorce case, the husband's issues on appeal are the distribution of marital property and the allocation of marital assets and debts made by the Trial Court.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

Johnny V. Dunaway, LaFollette, Tennessee, for Appellant.

Michael G. Hatmaker, Jacksboro, Tennessee, for Appellee.

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

**OPINION**

In this divorce action, the Trial Court granted the parties a divorce and awarded the marital residence to the wife and also ordered that the wife would be responsible for the mortgage. The Court awarded a Ford pick-up truck and a trailer to the husband, as well as a 1989 Toyota Camry, but stated the wife could retain the vehicle if she paid the husband $500.00.  The Court awarded the wife a 1994 Pontiac Trans Am, and a 1998 Toyota Camry and its indebtedness, as well as certain personal property to the husband.  The Court ordered that the husband be responsible for the indebtedness owed to the Fleet credit card, except for $850.00 which was ordered to be paid by the wife.  The Court stated the husband would retain all interest in his pension retirement fund.

On appeal, the husband argues the Trial Court erred in its classification of the parties' property. Specifically, the husband asserts that the Trial Court erred in failing to recognize that $25,000.00 of the husband's separate property was put into the marital residence, and that the husband should have been awarded the marital residence.

There was no showing that the property was improperly classified in this case. *See Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988).

Husband testified and wife did not dispute that he put certain money that he had amassed before the parties' marriage into the purchase and renovation of the marital residence, but the proof was also undisputed that the house was titled in both parties' names. Thus, the evidence does not preponderate against the determination that the house was marital property . *See Batson*; Tenn. Code Ann. §36-4-121.

Next, husband argues the marital property was improperly divided, and that he should have received more of the marital property because he contributed more, but this is only one of the many factors which must be considered. Tenn. Code Ann. §36-4-121 details the factors which are to be considered in making an equitable division of property, which include the duration of the marriage; the age, health, earning capacity, and needs of the parties; the contribution of each party to the marital estate; the value of the separate property of each; and the value of any property brought into the marriage.

It is the Trial Court's responsibility to divide the marital property in an essentially equitable manner. *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn.1996); *Ellis v. Ellis*, 748 S.W.2d 424 (Tenn.1988). Moreover, the trial court has "wide latitude in fashioning an equitable division of marital property," and we give great weight to the trial court's division. *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn.1983).

While the Trial Court did not state values as to the some of the marital assets, the values of most were not seriously disputed. Basically, the wife received the value in the marital residence of $3,000.00 which was not disputed. The husband received the truck/camper trailer, valued at $15,000.00 and a 1989 Camry valued at $500.00. The wife received a Pontiac valued at $11,500.00, and the husband received 5/32 of his retirement pension, which could have been considered to be the wife's share.

Based on the foregoing, it does not appear the Trial Court's division of marital property was inequitable, and we affirm the division made by the Trial Court.

The husband also asserts it was error for the Trial Court to order him to pay the majority of the balance owing on the Fleet credit card. Regarding this debt, it is undisputed the wife incurred the debt without the husband's knowledge and/or permission, and she and her son benefitted from the debt, while the husband also indirectly benefitted, as the wife apparently used part of the money to pay mortgage payments and other household bills that the husband was also obligated to

pay. The record establishes the husband is in a better position to repay this debt, since he has a steady monthly income from his pension and social security.

The determination of what is equitable must be viewed in light of all factors set forth in Tenn. Code Ann. §36-4-121, and the property division as a whole. *Id.* "In the final analysis, the justness of a particular division of the marital property and allocation of marital debt depends on its final results." *King v. King*, 986 S.W.2d 216, 219 (Tenn. Ct. App.1998).

Considering the property division herein set forth, and the factors contained in the statute, the evidence does not preponderate against the Trial Court's apportionment of the Fleet debt to the husband. Tenn. R. App. P. 13(d). The distribution of assets favored the husband, and the husband also has a greater income. "This Court customarily gives great weight to decisions of the trial court in dividing marital estates and we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results from some error of law or misapplication of statutory requirements and procedures." *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App.1994). We conclude that the Trial Court properly allocated the assets and indebtedness between the parties, and affirm the Judgment.

The cause is remanded, with the cost of the appeal assessed to Condy O. Wilson.

_____
HERSCHEL PICKENS FRANKS, J.

-3-