IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2005 Session

## DONNA LYNAE WATSON v. HAROLD GUY WATSON

**Appeal from the Chancery Court for Grainger County**
**No. 04-019     Telford E. Forgety, Jr., Chancellor**

_____

**No. E2005-00369-COA-R3-CV - FILED DECEMBER 27, 2005**

_____

This is a divorce case. The parties, Donna Lynae Watson ("Wife") and Harold Guy Watson ("Husband"), ultimately stipulated to the existence of grounds for divorce and reached an agreement pertaining to the disposition of much of their marital property. A bench trial was held to resolve the parties' disputed issues, which, among other things, included the issue of how the marital real property should be disposed of in the overall division of the parties' marital property. The trial court awarded the marital real property to Wife, subject, however, to the mortgage on the property; Husband appeals this action by the trial court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for the appellant, Harold Guy Watson.

Mark A. Cowan, Morristown, Tennessee, for the appellee, Donna Lynae Watson.

**OPINION**

I.

The parties were married on November 22, 2000. Prior to their marriage, they maintained two separate residences. Husband owned a mobile home on one acre of land in Grainger County, while Wife owned a house and barn on eight acres of land in Madisonville. After deciding to get married and determining that they should purchase a house together, Wife sold her Madisonville property, clearing a net of $30,000 in equity. Husband sold his mobile home for $2,500.

In May, 2001, the parties jointly purchased 12.23 acres of land in Grainger County from Husband's uncle. At one time, this property had been a part of a 150-acre tract owned by Husband's grandmother; however, since the grandmother's ownership, several portions of the larger tract had been sold to individuals outside of Husband's family. Wife made the $29,000 down payment on the parties' 12.23 acres out of the $30,000 from the sale of her Madisonville property. Husband did not contribute any funds to the down payment on the property.

The parties used their newly-acquired property as collateral to obtain a loan to finance the building of their marital residence. After the house was built, Wife primed and painted its interior. Both parties assisted in the general maintenance of the real property, *i.e.*, the mowing and clearing of the land, the feeding of Wife's horses, etc. The household bills were paid out of the parties' joint checking account, which consisted of both parties' wages. The parties resided in the marital residence for approximately two years.

On August 22, 2003, after two years and nine months of marriage, Wife filed for divorce on various grounds. As a part of her allegations pertaining to divorce, she also alluded to the provisions of Tenn. Code Ann. § 36-4-129(b).[1] Husband's answer and counterclaim stipulated the existence of divorce grounds, cited irreconcilable differences, and alleged inappropriate marital conduct on the part of Wife. The trial court entered a final judgment of divorce, citing § 36-4-129(b) and noting the parties' agreed division of several items of marital property. The judgment went on to reserve several disputed issues, including the disposition of the marital real property and the associated mortgage. At the time of the divorce, the parties' interest in the marital real property amounted to a net equity of $40,000, representing a gross value of $115,000 subject to a mortgage of $75,000.

A hearing was held on the disputed issues of spousal support, the payment of court costs and attorney's fees, and the disposition of the marital real property and mortgage, certain farm equipment, and Husband's pension. The trial court's order, as it pertains to each issue, is set forth below:

> Wife is awarded the parties' marital residence[2] and shall be solely responsible for the debt on it. She shall make a good-faith effort to refinance the property to relieve Husband of the current mortgage.

---

[1] Tenn. Code Ann. § 36-4-129(b) (2005) provides as follows:

> (b) The court may, upon stipulation to or proof of any ground for divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced, rather than awarding a divorce to either party alone.

[2] The marital real property, *i.e.*, the house and the acreage, originally included the one acre upon which Husband's premarital mobile home had been located. Prior to the hearing, Wife executed a quitclaim deed transferring any interest she had in that one acre to Husband.

Husband shall quitclaim his interest in the property to Wife within 30 days after the entry of this order. Within that same timeframe, Husband shall give Wife all his keys and garage-door openers to the house, giving Wife advance notice so she can be present when the keys and openers are delivered.

Husband is awarded the parties' tractor and related farming implements.

Husband is awarded all his pension and retirement benefits. Wife's interest in them is divested from her and vested in Husband.

No spousal support is awarded to either party.

Each party shall pay his or her own attorney's fees.

Neither party is awarded discretionary costs.

Court costs shall be taxed equally to the parties . . . .

(Paragraph numbering in original omitted). Husband filed a Motion for New Trial and/or to Alter or Amend the Judgment, contending that the weight of the evidence entitled him to ownership of the marital real property. The trial court denied Husband's motion. He now brings this appeal.

II.

Husband states his sole issue on appeal as follows:

Did the [t]rial [c]ourt err and/or reach an unjust result in its division of marital assets by awarding the real estate to [Wife] as opposed to awarding the real estate to [Husband] and allowing him to pay [Wife] in cash the net equity value of the property?

Husband's issue suggests that he does not contest the propriety of Wife receiving the net equity in the marital real property as much as he objects to her, rather than him, getting that property. He feels that it would be more appropriate to "deliver" the net equity to Wife in the form of cash rather than by granting her ownership of that property subject to the mortgage. He wants the asset and is willing to assume the debt. As can be seen, Husband's sole issue does not attack the *overall* division of marital property as being inequitable.

## III.

Our review of this non-jury case is *de novo* upon the record with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). The trial court's conclusions of law are not accorded the same deference. **Brumit v. Brumit**, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997). The trial court has broad discretion in dividing marital property, and accordingly, its judgment should be given great weight on appeal and presumed proper unless the evidence preponderates otherwise. **Batson v. Batson**, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). The trial court can only be found to have abused its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." **State v. Shirley**, 6 S.W.3d 243, 247 (Tenn. 1999) (quoting **State v. Shuck**, 953 S.W.2d 662, 669 (Tenn. 1997)). This standard does not permit the appellate court to substitute its judgment for that of the trial court. **Myint v. Allstate Ins. Co.**, 970 S.W.2d 920, 927 (Tenn. 1998).

_____

IV.

A.

In a divorce case, the trial court is charged with the task of making an equitable division of the marital property and debt without regard to fault. Tenn. Code Ann. § 36-4-121(a) (2005). The trial court is under no obligation to divide the parties' marital property equally, but rather equitably, for "[t]he division of the estate is not rendered inequitable simply because it is not mathematically equal, or because each party did not receive a share of every item of marital property." **King v. King**, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998) (citation omitted). In dividing marital property, courts are required to allocate interest in a manner consistent with the relevant statutory factors set forth in Tenn. Code Ann. § 36-4-121(c).[3] **Brown v. Brown**, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

An equitable property division "is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." **Batson**, 769 S.W.2d at 859. Furthermore, "[i]n cases involving a marriage of relatively short duration, it is appropriate to divide the property in a way that, as nearly as possible, places the

---

[3] Tenn. Code Ann. § 36-4-121(c) (2005) provides as follows:

> (c) In making equitable division of marital property, the court shall consider all relevant factors including:
>
> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associate with the asset;
> (10) The amount of social security benefits available to each spouse; and
> (11) Such other factors as are necessary to consider the equities between the parties.

parties in the same position they would have been in had the marriage never taken place." *Id.* (citation omitted).

After hearing testimony from both parties in this case, the trial court stated the following with respect to its decision as it pertained to the marital real property:

> Both [p]arties want this land. Both [p]arties are pretty passionate about wanting this land. I understand from the standpoint of both [p]arties why they are passionate. The husband has family surrounding this piece of property. The wife sold her piece of property to move to this piece of property. And the wife provided twenty-nine thousand dollars in down payment in order to buy the piece of property. Both [p]arties have worked on the piece of property. Both [p]arties have put their heart and soul in it. But, the bottom line is I cannot give the property to both [p]arties. Both [p]arties can't have it. You can't chop a house in two. So under these circumstances I've already told you that I did not deem it appropriate to order the property put up and sold. And so the only thing I'm left with is to awar[d] it to one or the other. And in this case the Court deems it appropriate to award it to the wife.

Husband contends that the trial court abused its discretion when it awarded the marital real property and mortgage to Wife because, according to Husband, the court made "the duration of the marriage the all-encompassing and determinative factor." He argues that the court failed to consider other important and relevant statutory factors. He further argues that the trial court simply ignored his contribution to the acquisition, preservation, and appreciation of the marital real property. *See* Tenn. Code Ann. § 36-4-121(c)(5). He points to the fact that it was a member of his family who sold the property to the parties; provided initial assistance in digging the house foundation; and cleared the property of brush. He highlights the fact that, since his income was twice that of Wife's income,[4] he contributed more to the payment of the household bills during the marriage. He further argues that, "[s]ince [he] had family members in the area and since the property once belonged to a larger tract which had long been in the family, the [t]rial [c]ourt should have awarded the marital home to [Husband] with the provision that he would pay [Wife] for her portion of the equity therein." *See* Tenn. Code Ann. § 36-4-121(c)(11).

Our analysis of this case in the context of the most relevant statutory factors set forth in Tenn. Code Ann. § 36-4-121(c) – the duration of the marriage, the parties' contribution to the property, the economic circumstances of each party (including other property distribution between the parties), and even Husband's family ties to the property – convinces us that the trial court did not abuse its discretion in awarding title in the parties' marital real property to Wife. Each of the parties clearly

---

[4] The record reflects that Husband's annual income during the marriage was approximately $75,000. Wife earned approximately $35,000 per year.

possess substantial equities, be it sweat, monetary, familial, or need-based, in the marital real property. Simply stated, however, the evidence does not preponderate against the award to Wife in the overall division. Therefore, we cannot say that the trial court's decision to award this property, subject to the mortgage, to Wife, as opposed to Husband, was against logic or reasoning.

B.

As a side argument, Husband attempts to find error in the trial court's treatment of Wife's down payment contribution. He contends that the trial court improperly treated the contribution as "separate property" because, so his argument goes, it found that she was automatically entitled to $29,000 of the marital estate's $40,000 in equity. Husband points to the following discussion by the trial court to support his contention:

> There is some testimony really conceded that [Wife] provided some twenty-nine thousand dollars ($29,000.00) of what would have been her separate money. Money derived from an asset that she owned prior to the marriage. And she provided it as part of the down payment for the property that the [p]arties built their house upon, which is now at issue before the Court.
>
> The evidence here is the [p]arties have not disputed this, neither side, they agree that the value of the house and the marital property is a hundred and fifteen thousand dollars ($115,000.00) and the mortgage is approximately seventy-five thousand ($75,000.00). That leaves a difference of forty thousand dollars ($40,000.00) in equity. Of the forty thousand dollars in equity [Wife] is certainly one way or another entitled to get her twenty-nine thousand dollars ($29,000.00) back. Because that's twenty-nine thousand dollars that she owned prior to the marriage and really the husband has made no issue about that. He's conceded that [Wife] provided some money, some separate money. And he's not really made a big issue about that. And correctly so on his part, I think. Because she is entitled to get it back.

Husband further cites *Smith v. Smith*, No. M2003-02242-COA-R3-CV, 2004 WL 2094508, at *3 (Tenn. Ct. App. M.S., filed September 20, 2004), stressing the idea that "the task before the [trial] court is to make an equitable division of the marital property, not to repay either spouse exactly for amounts they may have contributed." *Id.* We agree with the proposition as stated in *Smith*. *Equitable* division of marital property does not necessarily equate to the strict repayment of each parties' contribution. *See* Tenn. Code Ann. § 36-4-121(c).

With all due respect to Husband, however, his argument that the trial court treated Wife's contribution as "separate property" severely misses the mark and confuses the issue. The trial court did not find that Wife's down payment on the purchase of the property automatically entitled her to

the repayment of $29,000 out of the net equity in this piece of marital property. The trial court held that the property, subject to the mortgage, was a part of the net marital estate, subject to equitable division under Tenn. Code Ann. § 36-4-121. It then determined, after evaluating the factors with respect to how to divide marital property, that Wife, *primarily in recognition of her contribution to the acquisition of the property*, was equitably entitled to the net equity in the property. *See* Tenn. Code Ann. § 36-4-121(c)(5); **Smith**, 2004 WL 2094508, at *1-*3. Simply stated, the court found, we believe correctly, that the subject real property was a marital asset; that the most significant contribution to the present value of the net equity was Wife's initial contribution of $29,000; and that Wife should receive the net equity by way of ownership of the marital real property, subject to the mortgage, as a part of the overall equitable division of the net marital estate. Given the facts of this case, we cannot say that the court below abused its discretion in its disposition of the marital real property and the subject debt or in the overall division of the net marital property.

V.

Wife requests an award of attorney's fees on this appeal, arguing entitlement to such an award because of her "very limited means," the fact that Husband's income is more than double her income, and because this is the third time she "has had to defend what is essentially an equal property division." Wife presented the same basic argument for attorney's fees at the court below. The trial court determined that, because this was not a case for alimony given the property division, the short duration of the marriage, and Wife's ability to earn an adequate income, attorney's fees were not appropriate. We agree with the trial court's approach. Accordingly, we also find that this is not an appropriate case for an award of fees for professional services rendered on appeal. We therefore decline to award such fees.

VI.

The judgment of the trial court is affirmed. This case is remanded to the trial court for enforcement of its judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Harold Guy Watson.

_____
CHARLES D. SUSANO, JR., JUDGE