# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 23, 2008 Session

## DOTTIE DIANA SLAUGHER v. HENRY SLAUGHTER, JR.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003135-00     James F. Russell, Judge**

---

**No. W2007-01488-COA-R3-CV - Filed May 8, 2008**

---

This is a divorce action in which the trial court declared the parties divorced pursuant to § 36-4-129(b) without attributing fault to either party, divided the parties' property, awarded Wife alimony in futuro in the amount of $1500 per month, ordered Husband to pay for Wife's health insurance, and awarded Wife her attorney's fees as alimony in solido.   Husband appeals the division of property, the award of alimony, and the award to Wife of her attorney's fees.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and WALTER C. KURTZ, SR. JUDGE, joined.

Justin K. Thomas and David Michael Waldrop, Germantown, Tennessee, for the appellant, Henry Slaughter, Jr.

Misty D. Becker, Memphis, Tennessee, for the appellee, Dottie Diana Slaughter.

### MEMORANDUM OPINION[1]

The parties to this divorce action, Dottie Diana Slaughter ("Wife") and Henry Slaughter, Jr., ("Husband"), met in 1973, had a child together in 1978, and married in 1983. They separated in 1999.  Wife filed a complaint for divorce in the Circuit Court for Shelby County in June 2000,

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

alleging irreconcilable differences, inappropriate marital conduct, cruel and inhumane treatment, and abandonment. Husband answered and admitted to irreconcilable differences and filed a counter-complaint alleging inappropriate conduct. The matter was finally tried in April 2007.

At the time of trial, Wife was forty-eight years of age and Husband was forty-nine years of age. It is undisputed that Wife suffers from bipolar disorder and depression, and has been hospitalized on several occasions. She earns approximately $1,500 per month as a full-time waitress. According to Husband's statement of income and expenses attached to his response to Wife's interrogatories, Husband earns approximately $8,250 per month as a tax examiner with the IRS. Following a three day trial, the trial court declared the parties divorced pursuant Tennessee Code Annotated § 36-4-129(b) without attributing fault to either party, ordered to Husband to pay Wife alimony *in futuro* in the amount of $1,500 per month, divided the parties' marital property, and awarded Wife attorney's fees in the amount of $9,000 as alimony *in solido*. The trial court entered final judgment on June 8, 2007, and Husband filed a timely notice of appeal to this Court. We affirm.

### *Issues Presented*

Husband presents the following issues for our review:

I. Was the division of marital property made by the trial court equitable pursuant to T.C.A. § 36-4-121(c)?

II. Did the trial court err in awarding [Wife] alimony in futuro and was that award excessive?

III. Did the trial court err in ordering the Appellant, Mr. Slaughter, to pay Wife $9000 in attorney fees as alimony in solido even though she had the means to pay said fees?

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

*Analysis*

Neither the facts relevant to our disposition of the issues raised on appeal, nor the well-established case law regarding a trial court's discretion with respect to the division of property and an award of alimony in an action for divorce, are in dispute in this case. Husband asserts, however, that the trial court's division of property was not equitable where, according to Husband, the trial court awarded Wife ninety percent of the parties' property. Husband further asserts the trial court erred in awarding Wife alimony *in futuro*, that the award was excessive, and that the award of attorney's fees as alimony *in solido* was not justified in light of the division of property. He also asserts the trial court erred by failing to credit him for *pendente lite* spousal support payments. Wife, on the other hand, asserts the division is equitable in light of the costs she incurred, the income disparity between the parties, and the amount of income retained by Husband during the seven years this matter was pending. She argues that during that seven years, Husband "retained approximately $721,778 [in income] to support himself and his paramour." She further argues that Husband has not demonstrated how he reached "his unsupported calculation of a 90/10 split in the marital property." We observe that there is no property division table in Husband's brief as required by Rule 7 of the Rules of the Court of Appeals.

After classifying property as separate or marital, the trial court must divide the marital property equitably between the parties in consideration of the statutory provisions provided at Tennessee Code Annotated § 36-4-121. As we frequently have noted, the fairness of the property division is reflected in the end results, and a property division is not rendered unfair or inequitable merely because it is not precisely equal or because each party did not receive a share of every marital asset. *E.g., King v. King*, 986 S.W.2d 216, 219 (Tenn. App. 1998). Trial courts are afforded great discretion when dividing marital property, and their decisions are entitled to great weight on appeal. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002). Accordingly, unless the trial court's decision is contrary to the preponderance of the evidence or is based on an error of law, we will not interfere with its determination on appeal. *Id.*

Rule 7 of the Rules of the Court of Appeals requires a party who "takes issue" with a trial court's division of property in a domestic relations appeal to attach a chart displaying the property values proposed by both parties and any values found by the trial court. Rule 7 also provides that "[e]ach entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found . . . ." We previously have held that "where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's requirements." *Stock v. Stock*, No. W2005-02634-COA-R3- CV, 2006 WL 3804420, at *5, n.3 (Tenn. Ct. App. Dec. 28, 2006)(quoting *Howell v. Howell*, No. W2001-01167-COA-R3-CV, 2002 WL 1905307, at *4 (Tenn. Ct. App. Aug. 15, 2002) (citing *Bean v. Bean*, 40 S.W.3d 52 (Tenn. Ct. App.2000))). This Court is under no duty to search a trial court record in order to discern the valuation of the couple's property. *Durant v. Durant*, No. M2001-00691-COA-R3-CV, 2002 WL 772923, at *3 (Tenn. Ct. App. Apr. 30, 2002)(citing *Schoen v. J.C. Bradford & Co.*, 642 S.W.2d 420, 427 (Tenn. Ct .App. 1982)).

Husband asserts the trial court's award to Wife of the parties' unimproved real property in Florida was inequitable, and that it was inequitable to award Wife more than half of his retirement account. Wife, on the other hand, submits the award of the Florida property to her was not inequitable in light of the fact that she had to deplete her funds in order to take the property out of foreclosure proceedings. She further asserts that the trial court did not err in awarding her more than half of Husband's retirement account where Husband had retained more than $700,000 in income during the pendency of this matter. Further, as noted, Wife further asserts that Husband has failed to demonstrate that the division of property was "a 90/10 split."

We agree that Husband has failed to demonstrate that the trial court's division of property was inequitable in light of the statutory factors. As noted, there is no Rule 7 table in his brief. Thus, we are unable to determine the total value of the parties' property, including property which the trial court found had been "divided between them, to their mutual satisfaction." We observe, moreover, that the trial court found that Wife had been required to "cash out" her IRA account which, as of June 30, 1999, amounted to $26,107, in order to pay for living expenses pending the trial court's order on *pendente lite* support. The trial court found, "Wife is left with no retirement benefit and given her state of health, and her work ability, she has no apparent ability to accumulate any retirement funds of any kind at this late state in her life." As we perceive the trial court's order, moreover, the trial court divided Husband's retirement account in half, and then order Husband to effectively reimburse Wife for living expenses in the amount of $25,107, payable from Husband's retirement account. Husband has simply failed to demonstrate that the trial court abused its discretion in light of the record in this case. We affirm the division of property.

We next turn to Husband's contentions that the trial court erred in awarding Wife alimony *in futuro* rather than rehabilitative alimony, and that the award of alimony was excessive. Husband's argument, as we understand it, is that Wife is capable of supporting herself notwithstanding her undisputed health concerns, lack of advanced education or work-experience, and the fact that she currently earns approximately $1500 per month as a full-time waitress. Generally, the appropriateness of an award of alimony depends on the facts and circumstances of each case. The need of the recipient spouse and the obligor spouse's ability to pay are the primary considerations in the determination of an award of alimony. *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). In making its determination, the court must balance several statutory factors, including those enumerated in section 36-5-121(i) of the Tennessee Code. The type and amount of an alimony award are largely within the discretion of the trial court. *Burlew*, 40 S.W.3d at 470. This Court is not inclined to alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.* Further, although the General Assembly has expressed a preference for rehabilitation of the economically disadvantaged spouse, it has defined rehabilitation as meaning

> to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

Tennessee Code Annotated § 36-5-121(d)(2)(2005).

In this case, the trial court specifically found that Wife is disadvantaged in comparison to Husband. The trial court found that Wife's income falls below poverty level according to statistical data provided by the Administrative Offices of the Court; that Husband has "four to five times the earning capacity of the Wife;" that Husband's life style is significantly superior to Wife's; and that Wife has "no other assets and has no liquid assets of any kind." Additionally, as noted above, Husband does not dispute that he earns well over $8,000 per month. Upon review of the record in this case and in light of the factors enumerated at Tennessee Code Annotated 36-5-121(I), we cannot say the trial court abused its discretion in awarding Wife alimony *in futuro* in the amount of $1500 per month. Further, Husband provides no law to support his assertion that the trial court erred by not crediting him for pendente lite spousal support payments, and we find no merit in his argument. We affirm the award of alimony.

We next turn to the award of attorney's fees to Wife. An award of attorney's fees in a divorce case is treated as an award of alimony. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002) (citations omitted). Thus, when determining whether an award of attorney's fees is appropriate, the trial court must consider the statutory factors used when considering an alimony request, but need is the primary factor. *Id.* An award of attorney's fees is appropriate when one spouse is disadvantaged and does not have sufficient resources with which to pay those fees. *Id.* at 513. The questions of whether to award attorney's fees, and the amount thereof, are left largely within the discretion of the trial court. *Id.*

In this case, Husband asserts Wife has sufficient resources with which to pay her attorney's fees in light of the trial court's award to her of the unimproved real property in Florida and assets held in Husband's retirement fund. Wife, however, asserts that she had to deplete her own savings to support herself and to stop foreclosure proceedings on the Florida property during the course of this litigation, and that Husband's retirement funds are not accessible until Husband retires. Wife accordingly asserts that, despite the property division, she has insufficient liquid assets with which to pay her attorney's fees. In light of the record of this case, the substantial income disparity between these parties, and the findings of the trial court noted above, we cannot say the trial court abused its discretion by awarding Wife her attorney's fees as alimony *in solido*. We affirm.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Henry Slaughter, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-5-