IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 19, 2008 Session

## META-SUE JONES WOODALL v. JETHERO JACKSON WOODALL, JR.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002673-02      Rita L. Stotts, Judge**

**No. W2007-01880-COA-R3-CV - Filed August 20, 2008**

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Daniel Loyd Taylor and John N. Bean, Memphis, Tennessee, for the appellant, Jethero Jackson Woodall, Jr.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee, for the appellee, Meta-Sue Jones Woodall.

### MEMORANDUM OPINION[1]

This appeal arises from a divorce action.  The issues presented on appeal relate to the trial court's classification and division of the parties' property.  We affirm.

Meta-Sue Jones Woodall ("Wife") and Jethero Jackson Woodall, Jr. ("Husband") were married in 1968.  At the time of the marriage, Husband was forty years of age and Wife was thirty-four years of age.  It was the third marriage for both.  No children were born of the marriage.  Wife

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

filed a complaint for divorce in May 2002.  The parties stipulated that sufficient grounds existed for divorce, and in May 2004 the trial court entered a final decree of divorce declaring the parties divorced pursuant to Tennessee Code Annotated § 36-4-129, reserving disposition of financial matters.

A contentious battle over the classification and division of the parties' property was heard by the trial court on June 29-30 and July 6-7, 2004.  The trial court entered lengthy findings of fact and conclusions of law with respect to the classification and division of property in February 2005.[2]  In March 2005, Husband filed a motion for new trial or to alter or amend the judgment.  Following a hearing on the matter in May 2005, the trial court denied Husband's motion for a new trial in June 2005.

Husband filed a notice of appeal to this Court in July 2005.  We determined the trial court's order of June 2005 was not a final order where the trial court had not ruled on Husband's motion to alter or amend the judgment.  We accordingly dismissed Husband's appeal and remanded the matter to the trial court in February 2006.  The trial court entered its order denying Husband's motion to alter or amend the judgment on July 17, 2007.  In its July 2007 order, the trial court adopted its February 2005 findings of fact and conclusions of law, but modified those findings with respect to property known as "the Kerwin property" and the "AmSouth account."   Husband filed a notice of appeal to this Court on August 16, 2007.

### *Issues Presented*

Husband presents the following issues, as we slightly reword them, for our review:

(1)     Whether the trial court erred in finding the appreciation of the value of Husband's separate "Jack Bond" property to be marital property.

(2)     Whether the trial court erred in finding the appreciation of the value of Wife's separate property in Corning, Arkansas, to be Wife's separate property.

(3)     Whether the trial court erred in setting the value of an AmSouth Money Market account to reflect the balance of the account in June 2003, rather than the balance that existed when the trial court issued its findings in February 2005.

---

[2]The parties agree that, although the trial court's findings and conclusions are dated February 2006, they were, in fact, entered in February 2005.

Wife raises the following additional issues:

(1)     Did the trial court err by requiring Wife to reimburse Husband for the retention of her separate property?

(2)     Did the trial court err with respect to its division of the Kerwin property?

Wife additionally requests attorney's fees and costs on appeal.

### *Standard of Review*

After classifying property as separate or marital, the trial court must divide the property equitably between the parties in consideration of the statutory provisions provided at Tennessee Code Annotated § 36-4-121. As we frequently have noted, the fairness of the property division is reflected in the end results, and a property division is not rendered unfair or inequitable merely because it is not precisely equal or because each party did not receive a share of every marital asset. *E.g., King v. King*, 986 S.W.2d 216, 219 (Tenn. App. 1998). Trial courts are afforded great discretion when classifying and dividing property, and their decisions are entitled to great weight on appeal. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002). Accordingly, unless the trial court's decision is contrary to the preponderance of the evidence or is based on an error of law, we will not interfere with its determination on appeal. *Id.*

### *Analysis*

We first turn to Husband's assertion that the trial court erred in determining that the appreciation in value of his separate "Jack Bond" rental property in Shelby County was marital property. Neither the ownership nor value of this property is in dispute, and Husband does not dispute that Wife assisted with the management of the rental property during the course of the marriage. Husband argues, however, that the increase in the value of the property during the course of the marriage reflects an increase in the value of the land only, and that Wife's contributions in the management and administration of the rental property did not contribute to the increase in the value of the land.

The Tennessee Code provides:

"Marital Property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights, retirement or other fringe benefit rights relating to employment that accrued during the period of the marriage.

Tenn. Code Ann. § 36-4-121(b)(1)(B)(2005).

-3-

The Code further provides:

> As used in this subsection (b), "substantial contribution" may include, but not be limited to, the direct or indirect contribution of a spouse as homemaker, wage earner, parent or family financial manager, together with such other factors as the court having jurisdiction thereof my determine.

Tenn. Code Ann. § 36-4-121(b)(1)(D)(2005).

That each party must have "substantially contributed" to the preservation and appreciation in value of the separate property is "[t]he only condition imposed in the statute for treating any increase in value during the marriage as marital property[.]" *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988). In *Cohen v. Cohen*, the supreme court held that the payment of the mortgage and insurance premiums on separate property from a joint checking account was sufficient to render the increase in value of the property marital property. *Cohen v. Cohen*, 937 S.W.2d 823, 833 (Tenn. 1996).

In this case, it is undisputed that Wife contributed to the preservation of the Jack Bond property. In his brief to this Court, Husband concedes that Wife "dealt with tenants, placed ads for vacancies, and helped Husband clean the two houses on the Jack Bond property." Husband also acknowledges that the debt and property taxes on the property were paid from joint funds, as were the taxes on the income of the property. The evidence does not preponderate against the trial court's determination that the increase in the value of the Jack Bond property is properly classified as marital property.

We next turn to Husband's assertion that the trial court erred in determining that the increase in the value of Wife's separate property in Corning, Arkansas, was not marital property. It is undisputed that the Corning property consists of unimproved farmland inherited by Wife from her mother in 1993. Husband asserts that he substantially contributed to the preservation and appreciation in value of the Corning property where he signed a mortgage on the property in the amount of $2,900 because the mortgage company required his signature and where a portion of the parties' total joint income tax liability in the amount of $1,250 per quarter was generated by the income from the Corning property. Husband acknowledges, however, that Wife made all of the payments on the mortgage from her separate farm account. He further acknowledges that he had no involvement with the property after it came into Wife's ownership.

We cannot say that the evidence preponderates against the trial court's finding that Husband did not substantially contribute to the preservation or appreciation of the value of Wife's Corning property. The debt on the property was not paid from the parties' joint funds, nor does Husband assert that the property taxes on the property were paid from joint funds. Further, to whatever extent the property generated income to both parties, they were jointly liable for the income taxes on that income. Benefitting from the income generated by separate property is not commensurate with contributing to its appreciation or preservation. We affirm on this issue.

-4-

We next turn to whether the trial court erred by valuing the AmSouth account as it existed in 2003 rather than as it existed when the trial court entered its findings in 2005. The Code requires that marital property be "valued as of a date as near as reasonably possible to the final divorce hearing date." Tenn. Code Ann. § 36-4-121(b)(1)(A); *Dunlap v. Dunlap*, 996 S.W.2d 803, 817 (Tenn. Ct. App. 1998). It appears from the record in this case that the trial court used the latest account value in the record when it entered its findings in February 2005. Wife asserts that the value of the AmSouth account decreased as a result of Husband's expenditures. Wife further asserts that Husband failed to advise the trial court of any decrease in value prior to the court's ruling. Husband does not dispute Wife's assertions, but submits he filed motions under Tennessee Rules of Civil Procedure 59 and 60 requesting that the trial court amend its ruling to reflect the February 2005 account balance. In order for a trial court to sustain a motion for a new trial pursuant to Rule 59.02 or to alter or amend the judgment pursuant to Rule 59.04, the moving party must show that the new evidence sought to be introduced was not known prior to or during the trial and that it could not have been known through the exercise of reasonable diligence. *Barnhill v. Barnhill*, No. 86-101-II, 1986 WL 8280, at *3 (Tenn. Ct. App. July 30, 1986)(citing *Seay v. City of Knoxville*, 654 S.W.2d 397, 399 (Tenn. App.1983)). We find no error on the part of the trial court in setting the value of the AmSouth account based on the information in the record at the time the account was valued.

We next turn to Wife's assertion that the trial court erred by requiring her to reimburse Husband for the retention of her separate property. Wife argues that by ordering her to pay Husband $20,000 to "replace essential household items," the trial court essentially ordered her to pay Husband part of the value of her separate property consisting of numerous household furnishings. Upon review of the record, we do not agree with Wife's interpretation of the trial court's order. This divorce entailed the classification and division of a substantial amount of both marital and separate property. Clearly, Wife retained many items of personality as separate property. We read the trial court's order as requiring her to pay Husband $20,000 out of the marital property award in order to offset the award to her of her separate personal property. In light of the factors provided by Tennessee Code Annotated § 36-4-121(c), we cannot say the evidence preponderates against the award of $20,000 to Husband to offset the value of Wife's separate personal property.

We finally turn to Wife's assertion that the trial court erred in dividing real property known as the Kerwin property equally between the parties. The parties stipulated that the Kerwin property was marital property, that it was valued at $88,000, and that there was no debt associated with the property. Wife asserts that an equal division of the property is inequitable, however, where the net property division results in Husband receiving 56.21% of the net estate and Wife receiving 43.79% of the net estate. As we have noted repeatedly, the trial court's goal in dividing property in a divorce action is to achieve an equitable distribution. A property division is not inequitable merely because it is mathematically unequal. *E.g., Burden v. Burden,* 250 S.W.3d 899, 918 (Tenn. Ct. App. 2007). Upon review of the record, we believe the trial court's division of property in this case was well within its broad discretion.

## *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Wife's request for attorney's fees on appeal is denied. Costs of this appeal are taxed one-half to the Appellee, Meta-Sue Jones Woodall, and one-half to the Appellant, Jethero Jackson Woodall, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE